UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARCUS WEBSTER** | **CASE NO. 2:22-CV-00559** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STRATEGIC CLAIM CONSULTANTS LLC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 8] filed by defendant Brandon Lewis in response to the complaint filed by plaintiff Marcus Webster. Webster opposes the motion. Doc. 12. Similar to the Motion to Dismiss in *Barbe v. Strategic Claims Consultants LLC*, No. 2:21-cv-4311 (W.D. La.), this matter arises from hurricane damage in Hurricane Laura and plaintiff's dissatisfaction with public adjuster services provided by Strategic Claims Consultants, LLC ("SCC") and its president/CEO Brandon Lewis. *See* doc. 1, att. 2. The suit was also filed and answered by, respectively, the same attorneys and involves substantially similar allegations regarding SCC's practices. In this matter plaintiff raises claims of contract nullity, fraudulent billing, and permanent injunction against Lewis and SCC. *Id.* Lewis maintains that the claims against him should be dismissed, because plaintiffs have not shown any privity of contract with him or alleged the fraud claim against him with sufficient detail. Doc. 8, att. 1.

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus

on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "To survive a motion to dismiss, allegations of fraud must 'state with particularity the circumstances constituting fraud,' although 'intent [and] knowledge . . . may be alleged generally.'" *House of Raeford Farms of La. LLC v. Poole*, 2021 WL 3673901, at *7 (W.D. La. Mar. 18, 2021) (quoting Fed. R. Civ. P. 9(b)).

The court agrees on the first point, noting that Lewis is not alleged to be a signatory to the contract and is instead only alleged to have presented it to plaintiff on SCC's behalf. Doc. 1, att. 2, ¶ 15. As in *Barbe*, the court will provide plaintiff with an opportunity to amend in this regard. As to the fraud allegations, plaintiff has raised specific allegations of fraudulent billing practices and misrepresentation of SCC's public adjuster license status

as well as the general allegation that SCC and that Lewis "performed the foregoing fraudulent and unethical conduct knowingly and intentionally."[1] *See* doc. 1, att. 2, ¶ 29. As plaintiff notes, an LLC member or manager may be held personally liable for a fraud committed against a third party. La. Rev. Stat. § 12:1320(D). This applies even when the member is acting on behalf of the LLC and is not a party to the contract at issue. *Gandhi v. Sonal Furniture and Custom Draperies, LLC*, 192 So.3d 783, 791 (La. Ct. App. 2d Cir. 2015). Accordingly, plaintiff's allegations are sufficient as to the fraud claim against Lewis and no amendment is required in that regard.

      **THUS DONE AND SIGNED** in Chambers this 12th day of April, 2022.

                              **JAMES D. CAIN, JR.**
                        **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff also alleges that Lewis colluded with plaintiff's insurer to have SCC added as additional payee on a supplemental payment made by the insurer in June 2021, but that this was remedied at plaintiff's behest some time later. *See* doc. 1, att. 2, ¶¶ 21–22.